## 4834. BROOKS v. THE STATE.

HILL, C. J. 1. The rule of law that the uncorroborated evidence of an accomplice is not legally sufficient to convict does not apply to misdemeanor cases. Nevertheless the fact that the principal witness against the accused in a misdemeanor case is an accomplice is a fact that the jury can properly take into consideration in weighing the credibility of his evidence. In the present case, however, the positive and direct

testimony of the accomplice is abundantly corroborated by many strong circumstances connecting the accused with the commission of the offense, which would have been sufficient of themselves to authorize a conviction, even without the evidence of the accomplice.

2. The instructions of the court to the jury, relating to the impeachment of a witness by evidence of his general bad character, while, strictly speaking, not pertinent to any of the evidence on the subject of bad character, in the present case could not have been harmful to the accused, since they could have applied only to the evidence of the accomplice, who was a material witness for the State.

3. The evidence establishing the guilt of the accused was both direct and circumstantial, and there was no error in the failure of the trial judge to charge as to the effect and weight of circumstantial evidence.

4. No error of law appears; and the evidence, both direct and circumstantial, strongly and clearly shows that the verdict of guilty was proper.                                          *Judgment affirmed.*

DECIDED MAY 6, 1913.

Accusation of keeping lewd house; from city court of Columbus—Judge Tigner. February 22, 1913.

*Wynn & Wohlwender, T. T. Miller,* for plaintiff in error.
*T. H. Fort, solicitor,* contra.